IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                          PLAINTIFF

V.                                                          NO. 3:23-CV-42-DMB-RP

LATOSHIA KIMBLE                                 DEFENDANT

## ORDER

On January 17, 2024, the United States of America filed a "Motion to Seal Exhibits and Brief Related to United States' Motion for Summary Judgment." Doc. #19. Specifically, the government asks the following to be filed "under permanent seal until requested otherwise by it, or until the court orders otherwise:" (1) "Exhibit B to the motion [which] will be the entire Paycheck Protection Program loan file of the lending institution;" (2) "Exhibit C [which] is the 2019 certified tax return of [Latoshia Kimble] from the Internal Revenue Service;" (3) "Exhibit D [which] is the 2020 certified tax return of [Kimble] from the Internal Revenue Service;" and (4) its memorandum brief. *Id*. at PageID 69, 70. As cause, referencing "44 U.S.C. § 3500, *et seq*., FED. R. CIV. P. 5.2, L.U.CIV.R. 5.2, L.U.CIV.R. 79, and standard operating procedure governing protection of personal, sensitive and proprietary information in public access to court files," the government represents:

> [It] filed this civil action pursuant to the False Claims Act alleging the Defendant, Latoshia Kimble, filed certain false claims to obtain two PPP loans and their subsequent forgiveness thereby causing significant damages to [it].
>
> The supporting documentation and certifications necessary to obtain the loans is contained within the lender's loan file which was subpoenaed by [it]. The loan file contains sensitive and personal identifying information throughout as well as purported tax documents of Defendant Kimble.
>
> In order to prove the documents and certification in the loan file are factually false, [it] obtained the 2019 and 2020 tax returns of defendant by signed authorization.

> These tax returns undoubtedly contain personal, sensitive and proprietary information of Defendant Kimble and the IRS.
>
> [It] must discuss and quote from the items listed above in its memorandum brief for both clarity and context. As such, the memorandum brief should be sealed.

*Id.* at PageID 69–70. The government further represents that pro se Kimble does not oppose the relief requested. *Id.*

There is a "presumption in favor of the public's access to judicial records" and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must balance "the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (citation omitted). Generally, where the document sought to be sealed is an exhibit to a dispositive motion, the weight afforded to the public's common law right of access is necessarily greater. *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312–13, 1313 n.11 (11th Cir. 2001); *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

Consistent with the presumption favoring the public's access to judicial records, Local Rule 79(b) provides that no document may be filed under seal without a court order. Local Rule 79(e)(3) requires a motion to seal be accompanied by "a notice that identifies the motion as a sealing motion," along with "a proposed order" and "a non-confidential supporting memorandum" that, among other requirements, must include:

> (B)   A specific request that the document or case:
>
>   (1)   Be sealed from any access by the public and the litigants' counsel;
>
>   (2)   Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or
>
>   (3)   Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.

    (C)    A statement of why sealing is necessary, why the specific character of sealing set forth in subparts (1)-(3) above is most appropriate, and why another procedure will not suffice; [and]

    (D)    References to governing case law[.]

L.U. Civ. R. 79(e)(3)(B)–(D).

In its motion to seal, the government does not mention who should have access to the documents sought to be sealed much less why the specific character of sealing the documents in one of the ways described in Rule 79(e)(3)(B) is most appropriate, or why another procedure—such as redaction—will not suffice. And while the government references 44 U.S.C. § 3500, et seq. (without citing any of its statutory text or specifying how such supports its motion to seal), along with a federal rule and certain local rules, it does not reference any governing case law.[1] All such matters are best addressed in a supporting memorandum,[2] as mandated by Local Rule 79, which the government did not submit.[3] For these reasons, the motion to seal [19] is **DENIED without prejudice**.

    **SO ORDERED**, this 19th day of January, 2024.

    /s/Debra M. Brown
    **UNITED STATES DISTRICT JUDGE**

---

[1] The government submitted a proposed order the day after it filed the motion to seal. Contrary to Local Rule 79(e)(3)(F), the proposed order does not "recite the findings required by governing case law to support the proposed sealing."

[2] Local Rule 79 provides the option of a non-confidential supporting memorandum or a confidential supporting memorandum. *See* L.U. Civ. R. 79(e)(3).

[3] The government "requests that it be relieved of the requirement of filing a supporting memorandum under L.U.CIV.R. 79(e)(4), as [according to the government] the relief requested is straightforward and fully explained in this motion." Doc. #19 at PageID 70–71. The Court disagrees.